IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| **ALICE BUTTON** *and* **STEVE STRAUSBAUGH** | **PLAINTIFFS** |
| v. | Civil No. 1:21cv308-HSO-RHWR |
| **KIM ALFORD,** *principal,* **SAM SMITH,** *assistant principal,* **ALAN LUMPKIN,** *superintendent and* **PRC SCHOOL DISTRICT** | **DEFENDANTS** |

## ORDER GRANTING PLAINTIFFS LEAVE TO AMEND COMPLAINT AND DENYING MOTION [3] TO DISMISS WITHOUT PREJUDICE, WITH LEAVE TO REASSERT

BEFORE THE COURT is a Motion [3] to Dismiss filed by Defendants Kim Alford, Sam Smith, Alan Lumpkin, and Pearl River County School District (collectively, "Defendants") on October 5, 2021. Pro se Plaintiffs Alice Button and Steve Strausbaugh (collectively, "Plaintiffs") have filed a Response [7] and a Corrected Response [9], as well as two Motions [8], [11] for Preliminary Injunction, to which Defendants have responded separately. Plaintiff's Corrected Response [9] opposes Defendants' Motion to Dismiss on the merits, but contains an alternative request for leave to amend their Complaint.

After due consideration of the record and relevant legal authority, the Court finds that Plaintiffs should be afforded leave to amend their Complaint, and that

1

Defendant's Motion to Dismiss [3] should be denied without prejudice, with leave to reassert.

## I. BACKGROUND

Plaintiffs allege that on September 10, 2021, their son was found in possession of an electronic cigarette on school grounds. Compl. [1-1] at 1. School officials confiscated and discarded the electronic cigarette, and assigned Plaintiffs' son to three days of in-school suspension for violating school policy. Answer [5] at 2. Plaintiffs filed suit on September 16, 2021, in the Circuit Court of Pearl River County, Mississippi, against Kim Alford, the school principal, Sam Smith, the assistant principal, Alan Lumpkin, the superintendent, and Pearl River County School District ("PRC School District"), claiming violations of their child's Constitutional rights. Compl. [1-1] at 1. Specifically, Plaintiffs assert that their son was subjected to an "improper search" and that the school "imposed excessive penalties" and "excessive fines." In addition, they invoke the Fifth Amendment Due Process Clause, contending that it required "notice and a meaningful opportunity to be heard before seizing real property subject to civil forfeiture."[1] *Id.*

Invoking this Court's federal question jurisdiction under 28 U.S.C. 1331, Defendants removed this dispute to federal court on September 28, 2021, Not. of Rem. [1] at 1, and filed a Motion [3] to Dismiss on October 5, 2021. Defendants argue that they are entitled to dismissal under Federal Rule of Civil Procedure

---

[1] The Court construes these claims as an invocation of the Fourth Amendment right to be free from unreasonable searches and seizures and the Eighth Amendment right to be free from excessive fines. While Plaintiffs cite to the Fifth Amendment in their Complaint, liberal construction of the pleadings require the Court to assume the proper citation to the Fourteenth Amendment.

12(b)(6), on grounds that Plaintiffs' constitutional claims fail, and because Defendants are otherwise entitled to qualified immunity. Mem. [4] at 4. Plaintiffs have since filed two Motions [8], [11] for Preliminary Injunction, seeking to remove the individual Defendants from any disciplinary decisions involving their son. Those Motions [8], [11] remain pending and will not be addressed here.

## II. DISCUSSION

A. Federal Rule of Civil Procedure 12(b)(6)

When a party files a motion to dismiss pursuant to Rule 12(b)(6), a court "must assess whether the complaint contains sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face . . ." *Spitzberg v. Houston Am. Energy Corp.*, 758 F.3d 676, 683 (5th Cir. 2014). A complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Federal Rules of Civil Procedure provide that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P . 15(a); *see also McClellon v. Lone Star Gas Co.*, 66 F.3d 98, 103 (5th Cir. 1995). This is especially true in light of Plaintiffs' pro se status. *See Watkins v. Lujan*, 922 F.2d 261, 265 (5th Cir. 1991) (allowing pro se plaintiffs to reassert claims that normally would be considered waived, because the pleadings of pro se plaintiffs are afforded "liberality").

B.  Analysis

Liberally construed, the Complaint appears to advance three claims: (1) that Defendants violated Plaintiffs' son's right to due process under the Fourteenth Amendment; (2) that Defendants violated his Eighth Amendment right to be free from excessive fines; and (3) that Defendants conducted an unreasonable search and seizure in violation of the Fourth Amendment. Not. of Rem. [1-1] at 2; Corr. Resp. [9] at 3.

Defendants argue that these rights were not violated, and even if they were, Kim Alford, Sam Smith, and Alan Lumpkins are entitled to qualified immunity. Mot. [3] at 3. "In performing the qualified immunity analysis, the first question we must ask is whether, taken in the light most favorable to the plaintiffs, the facts alleged show that the officer's conduct violated a constitutional right. If no constitutional right would have been violated were the allegations established, the inquiry ends." *Gates v. Texas Dep't of Protective & Regul. Servs.*, 537 F.3d 404, 418 (5th Cir. 2008) (citations omitted).

Plaintiffs argue that Defendants are not entitled to qualified immunity because their direct actions deprived Plaintiffs' son of his constitutional rights. They allege that the principal and vice principal gave instructions to destroy the electronic cigarette, and that the superintendent refused to take any corrective action when informed about the confiscation after-the-fact. Corr. Resp.s [9] at 1. Plaintiffs further allege that the confiscation of the electronic cigarette violated their son's property interest, because Defendants discarded the electronic cigarette

4

without any hearing or notice. *Id.* at 2. Finally, Plaintiffs contend that the search was improper. *Id.* at 3.

Plaintiffs also state in their Corrected Response that, because they are pro se litigants, they request in the alternative "leave to amend the complaint to more artfully establish the aforementioned." Corr. Resp. [9] at 3. In light of the foregoing, the Court finds that Plaintiffs should be granted leave to amend their Complaint to more clearly state and support with appropriate factual allegations their claims against Defendants. If Plaintiffs desire to amend their pleadings, they shall file any Amended Complaint into the record of this case on or before December 8, 2021. Plaintiffs are cautioned that failure to file an Amended Complaint by this deadline may be viewed as a failure to prosecute, and may result in the Court dismissing this case without prejudice and without further notice to Plaintiffs.

### III. CONCLUSION

**IT IS THEREFORE, ORDERED AND ADJUDGED** that, Plaintiffs Alice Button and Steve Strausbaugh are granted leave to file an Amended Complaint. Plaintiffs must file any Amended Complaint on or before December 8, 2021.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, failure to file an Amended complaint into the record of this case on or before December 8, 2021, may be viewed as a failure to prosecute and may result in the Court dismissing Plaintiffs' case without further notice to Plaintiffs.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendants' Motion [3] to Dismiss is **DENIED WITHOUT PREJUDICE**, with leave to reassert upon the filing of the Amended Complaint.

**SO ORDERED AND ADJUDGED,** this the 17th of November, 2021.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE