IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ALICE BUTTON *and*                                                   PLAINTIFFS
STEVE STRAUSBAUGH

v.                                                   Civil No. 1:21cv308-HSO-RHWR

KIM ALFORD, *principal,* SAM SMITH,
*assistant principal,* ALAN LUMPKIN,
*superintendent and* PRC SCHOOL
DISTRICT                                                              DEFENDANTS

**ORDER DENYING PLAINTIFFS' MOTIONS [8], [11] FOR PRELIMINARY INJUNCTION**

BEFORE THE COURT are two Motions [8], [11] for a Preliminary Injunction filed by pro se Plaintiffs Alice Button and Steve Strausbaugh (collectively, "Plaintiffs"). Defendants Kim Alford, Sam Smith, Alan Lumpkin, and Pearl River County School District (collectively, "Defendants") have responded. Plaintiffs have filed Replies [14],[17] to both responses. After due consideration of the record and relevant legal authority, the Court finds that Plaintiffs' Motions [8], [11] should be denied.

I. BACKGROUND

A.   Factual background

Plaintiffs allege that on September 10, 2021, their minor son was found in possession of an electronic cigarette on school grounds. Compl. [1-1] at 1. School officials confiscated and discarded the electronic cigarette, and assigned Plaintiffs'

1

son to three days of in-school suspension for violating school policy. Answer [5] at 2.

Plaintiffs filed suit on September 16, 2021, in the Circuit Court of Pearl River

County, Mississippi, against Kim Alford, the school principal, Sam Smith, the

assistant principal, Alan Lumpkin, the superintendent, and Pearl River County

School District ("PRC School District"), claiming violations of their child's

Constitutional rights. Compl. [1-1] at 1. Specifically, Plaintiffs assert that their son

was subjected to an "improper search" and that the school "imposed excessive

penalties" and "excessive fines." In addition, they invoke the Fifth Amendment Due

Process Clause, contending that it required "notice and a meaningful opportunity to

be heard before seizing real [sic][1] property subject to civil forfeiture."[2] *Id*.

B.  Procedural history

Invoking this Court's federal question jurisdiction under 28 U.S.C. § 1331,

Defendants removed this dispute to federal court on September 28, 2021. Not. of

Rem. [1] at 1. Plaintiffs have since filed two Motions [8], [11] for Preliminary

Injunction, seeking to remove the named Defendants from any disciplinary

decisions involving their son.

---

[1] Because the property interests to which Plaintiff refers are their minor son's education and his electronic cigarette, this case concerns personal, not real, property.
[2] The Court construes these claims as an invocation of the Fourth Amendment right to be free from unreasonable searches and the Eighth Amendment right to be free from excessive fines. While Plaintiffs cite to the Fifth Amendment in their Complaint, the Fifth Amendment only applies to federal actors. Liberal construction of the pleadings requires the Court to assume the proper citation to the Fourteenth Amendment, which governs state actors.

## II. DISCUSSION

A. Legal standard

Federal Rule of Civil Procedure 65 sets forth the requirements for a preliminary injunction. *Sanders v. Itawamba Cty.*, No. 1:17CV217-DAS, 2018 WL 1770487, at *1 (N.D. Miss. Apr. 12, 2018). In order to obtain a preliminary injunction, the moving party must demonstrate (1) a substantial likelihood of success on the merits; (2) a substantial threat that irreparable injury will result if the injunction is not granted; (3) that the threatened injury outweighs the threatened harm to the defendant; and (4) that granting the preliminary injunction will not disserve the public interest. *See Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995).

"Injunctive relief is an extraordinary remedy." *Dung Quoc Pham v. Blaylock*, 712 F. App'x 360, 363 (5th Cir. 2017) (quoting *Mississippi Power & Light v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir.1985)). A motion for preliminary injunction should not be routinely granted, but rather only when the moving party clearly carries the burden of persuasion. *Black Fire Fighters Ass'n of Dallas v. City of Dallas, Tex.*, 905 F.2d 63, 65 (5th Cir. 1990). "The decision to grant a preliminary injunction is to be treated as the exception rather than the rule." *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 363–64 (5th Cir. 2003) (quoting *Mississippi Power & Light*, 760 F.2d at 621).

B.   Plaintiffs' likelihood of success on the merits

Plaintiffs advances three separate claims against Defendants: (1) violation of due process; (2) violation of the Eighth Amendment; and (3) violation of the Fourth Amendment. The Court finds that, at least at this stage of the case, Plaintiffs have not shown a substantial likelihood of success on the merits on these claims.

1.   Plaintiffs' due process claims

The Fourteenth Amendment prohibits a state from depriving any person of life, liberty, or property without due process of law. U.S. Const. amend. XIV, § 1. Students have a property interest in receiving a public education from the state. *Harris ex rel. Harris v. Pontotoc Cty. Sch. Dist.*, 635 F.3d 685, 690 (5th Cir. 2011). However, the Fifth Circuit has held that students are not deprived of that interest by receiving in-school suspension. *Esparza v. Bd. of Trustees*, 182 F.3d 915, 919 (5th Cir. 1999) (citing *Nevares v. San Marcos Consolidated Indep. Sch. Dist,* 111 F.3d 25, 26 (5th Cir.1997)). This is because they are simply being "transferred from one school program to another program with stricter discipline." *Nevares,* 111 F.3d at 26.

Nor is a formal hearing necessarily required in this scenario; an informal discussion between the student and school officials at the time of the incident can satisfy the hearing requirement "in the great majority of cases." *Goss v. Lopez*, 419 U.S. 565, 582 (1975). "We hold only that, in being given an opportunity to explain his version of the facts at this discussion, the student first be told what he is accused of doing and what the basis of the accusation is." *Id.* While details of the

exact events are unclear on the present record, Plaintiffs have not carried their burden under Rule 65 of demonstrating a substantial likelihood of success on this claim.

2.  Plaintiffs' Eighth Amendment claims

Plaintiffs assert that Defendants subjected their son to excessive fines by imposing both in-school suspension and by confiscating the electronic cigarette. Compl. [1-1] at 1. In their Corrected Reply [9], Plaintiffs cite Mississippi Code § 97-32-9,[3] which provides that

> No person under twenty-one (21) years of age shall purchase any tobacco or alternative nicotine product. No student of any high school, junior high school or elementary school shall possess tobacco or alternative nicotine on any educational property as defined in Section 97-37-17.

Miss. Code Ann. § 97-32-9.

Plaintiffs contend that the electronic cigarette did not contain nicotine, only flavored water, and therefore the foregoing provision of the Mississippi Code did not apply. However, the statute also forbids the possession of "alternative nicotine products" on school property. Miss. Code § 97-32-9. "Alternative nicotine products" include electronic cigarettes, Miss. Code Ann. § 97-32-51, which are defined as "an electronic product or device that produces a vapor that delivers nicotine or *other substances* to the person inhaling from the device to simulate smoking, and is likely to be offered to, or purchased by, consumers as an electronic cigarette, electronic cigar, electronic cigarillo or electronic pipe," *id.* (emphasis added).

---

[3] Plaintiffs quote an outdated version of this law, which contained a lower minimum age of eighteen years and did not include the prohibition on alternative nicotine products. The new version of this law became effective on July 1, 2021.

The statute lists "nicotine" and "other substances" separately, indicating that electronic cigarettes do not have to contain nicotine to be considered electronic cigarettes under the statute. Miss. Code Ann. § 97-32-51. Plaintiffs have not cited any legal authority which interprets the phrase "other substance" in the statute, and flavored water is one type of "other substance" which, while not containing nicotine, still arguably poses a known danger to minors.[4] Therefore, Plaintiffs have not shown a substantial likelihood of success on their claim that possession of the electronic cigarette on school property was not forbidden by Mississippi Code § 97-32-9. Because Plaintiffs' son cannot have a legitimate property interest in something he cannot legally possess, *Cooper v. City of Greenwood,* 904 F.2d 302, 305 (5th Cir.1990), Plaintiffs have not demonstrated a substantial likelihood of success on this claim.

3.  Plaintiffs' Fourth Amendment claims

The Fourth Amendment rights of students are protected on school property. *Safford Unified Sch. Dist. No. 1 v. Redding*, 557 U.S. 364, 370 (2009). Courts have held that a school search "will be permissible in its scope when the measures adopted are reasonably related to the objectives of the search and not excessively intrusive in light of the student's age and sex and the nature of the infraction." *New Jersey v. T.L.O.,* 469 U.S. 325, 326 (1985). At this point, neither party has provided sufficient facts regarding the search itself for the Court to determine whether it was

---

[4] *See* Rubinstein ML, Delucchi K, Benowitz NL, et al. Adolescent Exposure to Toxic Volatile Organic Chemicals From E-Cigarettes. *Pediatrics*. 2018;141(4).
https://pediatrics.aappublications.org/content/pediatrics/early/2018/03/01/peds.2017-3557.full.pdf

permissible, or even whether or how Kim Alford, Sam Smith, or Alan Lumpkin were directly involved.

The standard for searches in the school context affords administrators with latitude, given schools' "custodial and tutelary responsibility for children." *Vernonia School District 47J v. Acton*, 515 U.S. 646, 656 (1995). Additionally, "students in the school environment have a lesser expectation of privacy than members of the population generally." *Milligan v. City of Slidell*, 226 F.3d 652, 655 (5th Cir. 2000) (holding it was constitutional to detain students "without particularized suspicion that any of them had engaged in or was about to engage in criminal misconduct."). Without knowing more facts about the encounters at issue, and given the generally lower standard in the school setting, on the present record Plaintiffs have not shown a substantial likelihood of success on this claim.

C. <u>Irreparable injury</u>

Plaintiffs also claim that retaliatory punishment against their son results in disciplinary actions that the school places in its records. Reply [14] at 2. They are concerned that records of such actions will negatively impact their son's "future prospects," *id.*, such as his goal to become a military officer. Defendants counter that the individual punishments for each of the disciplinary incidents have concluded, and therefore there is no irreparable injury left to prevent. Resp. [12] at 5.

"The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, [weighs] heavily

against a claim of irreparable harm." *Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 279 (5th Cir. 2012). If these are in fact retaliatory punishments, which Plaintiffs have not yet established, they can be subsequently removed from their son's record. For this reason, the injury is not irreparable, and this element favors denial of injunctive relief.

Because the Court finds that Plaintiffs cannot establish either of the first two elements of an entitlement to preliminary injunctive relief, it need not address the remaining elements. Plaintiffs' Motions [8], [11] for Preliminary Injunction must be denied.

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiffs Alice Button and Steve Strausbaugh's Motions [8], [11] for Preliminary Injunction are **DENIED**.

**SO ORDERED AND ADJUDGED,** this the 16th of December, 2021.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE