IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ALICE BUTTON** *and*                                                                                     **PLAINTIFFS**
**STEVE STRAUSBAUGH**

v.                                                        Civil No. 1:21cv308-HSO-RHWR

**KIM ALFORD,** *principal,* **SAM SMITH,**
*assistant principal,* **ALAN LUMPKIN,**
*superintendent and* **PRC SCHOOL
DISTRICT**                                                                                                  **DEFENDANTS**

**ORDER GRANTING DEFENDANTS KIM ALFORD, SAM SMITH, ALAN
LUMPKIN, AND PRC SCHOOL DISTRICT'S MOTION [21] TO DISMISS**

BEFORE THE COURT is a Motion [21] to Dismiss filed by Defendants Kim Alford, Sam Smith, Alan Lumpkin, and PRC School District. Pro se Plaintiffs Alice Button and Steve Strausbaugh have filed a Response [23]. After due consideration of the record and relevant legal authority, the Court finds that Defendants' Motion [21] should be granted.

I. BACKGROUND

Plaintiffs Alice Button and Steve Strausbaugh (collectively, "Plaintiffs") allege that on September 10, 2021, their son was found in possession of an electronic cigarette during a football game, which was after school hours but on school property. Amend. Compl. [18] at 1. Pearl River County, Mississippi, school officials confiscated and discarded the electronic cigarette, and later assigned Plaintiffs' son to three days of in-school suspension for violating a school policy forbidding electronic cigarette possession. Ans. [20] at 2. Proceeding pro se,

Plaintiffs filed suit on September 16, 2021, in the Circuit Court of Pearl River County, Mississippi, against Kim Alford, the school principal, Sam Smith, the assistant principal, Alan Lumpkin, the superintendent, and the Pearl River County School District ("PRC School District") (collectively, "Defendants"), claiming violations of their child's constitutional rights. Not. of Rem. [1] at 1-2. Specifically, Plaintiffs allege that their son was subjected to an "unlawful search" and that the school "imposed excessive penalties" and "excessive fines," in violation of the Fourth and Eighth Amendments to the United States Constitution. Amend. Comp. [18] at 1. In addition, they invoke the Fifth Amendment Due Process Clause, contending that the Constitution requires "notice and a meaningful opportunity to be heard before the Government deprives them of property."[1] *Id.*

Invoking this Court's federal question jurisdiction under 28 U.S.C. § 1331, Defendants removed the case on September 28, 2021, Not. of Rem. [1] at 1, and filed an initial Motion [3] to Dismiss. Plaintiffs wrote in their Response [7] that "[i]f this court finds the complaint is lacking we request leave to amend the complaint to more artfully establish the afore mentioned [sic]." Resp. [7] at 3. In light of Plaintiff's pro se status, the Court denied Defendants' Motion [3] to Dismiss without prejudice and granted Plaintiffs leave to amend their pleadings. Order [16]. Plaintiffs filed their Amended Complaint [18] on December 8, 2021, and Defendants

---

[1] The Court construes these claims as an invocation of the Fourth Amendment right to be free from unreasonable searches and seizures and the Eighth Amendment right to be free from excessive fines. While Plaintiffs cite to the Fifth Amendment in their Amended Complaint, liberal construction of the pleadings require the Court to assume the proper citation to the Fourteenth Amendment. *See Newsome v. E.E.O.C.*, 301 F.3d 227, 233 (5th Cir. 2002).

filed the present Motion [21] to Dismiss on December 21, 2021. Defendants argue that they are entitled to dismissal under Federal Rule of Civil Procedure 12(b)(6), on grounds that Plaintiffs' constitutional claims fail. Mem. [22] at 3. Plaintiffs responded to the Motion, and have not requested leave to amend a second time. *See* Resp. [23].

## II. DISCUSSION

### A. Relevant legal standards

In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the district court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *See Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996) (citing *McCartney v. First City Bank,* 970 F.2d 45, 47 (5th Cir. 1992)). "Under Rule 12(b)(6), a claim should not be dismissed unless the court determines that it is beyond doubt that the plaintiff cannot prove a plausible set of facts that support the claim and would justify relief." *Lane v. Halliburton,* 529 F.3d 548, 557 (5th Cir. 2008) (citing *Bell Atl. Corp. Twombly*, 550 U.S. 544, 555-58 (2007)). On the other hand, the plaintiff must plead specific facts, not conclusory allegations, to avoid dismissal. *Fin. Acquisition Partners LP v. Blackwell,* 440 F.3d 278, 286 (5th Cir. 2006).

Pursuant to Rule 12(b)(6), "[w]here matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Fed. R. Civ. P. 12(d). Because Plaintiffs have submitted, and the Court has considered, evidence outside the pleadings, Defendants' Motion is and may more properly treated as one for

summary judgment. Rule 56(c) of the Federal Rules of Civil Procedure states that summary judgment is appropriate if the pleadings, admissions on file, and affidavits show that there is no genuine issue as to any material fact and that a moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56. The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Meyers v. M/V Eugenio C*, 842 F.2d 815, 816 (5th Cir.1988).

The mere existence of a disputed factual issue does not foreclose summary judgment, the dispute must be genuine, and the facts must be material. *See Booth v. Wal–Mart Stores, Inc.*, 75 F. Supp. 2d 541, 543 (S.D. Miss. 1999). With regard to "materiality," only those disputes of fact that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment. *See id.* (citing *Phillips Oil Co. v. OKC Corp.*, 812 F.2d 265, 272 (5th Cir. 1987)). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiffs cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial." *Id.* (quoting *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1987)).

To rebut a motion for summary judgment, a plaintiff must present significant probative evidence, since there is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. *See id.* If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249

(1986). The non-movant may not rely on mere denials of material facts, nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. *See Booth*, 75 F. Supp. 2d at 543.

B.     Analysis

1.     Plaintiffs' due process claims

Plaintiffs contend that their son's due process rights were violated when he received three days of in-school suspension and his electronic cigarette was confiscated as punishment for possessing the electronic cigarette on school property. Amend. Comp. [18] at 2. They argue that his property rights in a public education and in the electronic cigarette were violated. *Id.* Plaintiffs further assert that the school did not provide the necessary "notice and hearing" of the charges against their son, and that he was not given an opportunity to present a defense before the school punished him. *Id.*

The Fourteenth Amendment[2] forbids states from depriving any person of life, liberty, or property without due process of law. *Daniels v. Williams*, 474 U.S. 327, 331 (1986). Students enjoy a property interest in receiving a public education from the state. *Goss v. Lopez*, 419 U.S. 565, 574 (1975). However, students are not deprived of that interest by serving an in-school suspension. *See Nevares v. San Marcos Consol. Indep. Sch. Dist.*, 111 F.3d 25, 26 (5th Cir. 1997) (holding that a

---

[2] Plaintiffs invoke the Fifth Amendment in their Amended Complaint; however, "[t]he Fifth Amendment applies only to violations of constitutional rights by the United States or a federal actor." *Jones v. City of Jackson*, 203 F.3d 875, 880 (5th Cir. 2000). Because this case involves only local officials and entities, the Court will construe Plaintiffs' claims as ones for the violation of rights protected by the Fourteenth Amendment, which applies to state actors. *See Priester v. Lowndes Cty.*, 354 F.3d 414, 421 (5th Cir. 2004) ("the Fourteenth Amendment protects liberty and property interests only against invasion by a state").

student serving in-school suspension was "not being denied access to public education, not even temporarily. He was only to be transferred from one school program to another program with stricter discipline."). Nor is a formal hearing required prior to an in-school suspension; an informal discussion between the student and school officials at the time of the incident can satisfy the hearing requirement "in the great majority of cases." *Goss,* 419 U.S. at 582. According to the United States Supreme Court, "[w]e hold only that, in being given an opportunity to explain his version of the facts at this discussion, the student first be told what he is accused of doing and what the basis of the accusation is." *Id.*

Plaintiffs here contend that "there was no inquiry, no questions, just and only confiscations." Resp. [23] at 23. However, when confronted by the teacher who confiscated the electronic cigarette, Plaintiffs' son has stated in his affidavit that he told the teacher that he did not know the football stadium was considered school property. Ex. [23-1]. Thus, he had the opportunity to address the situation when he was approached by a teacher and had the item confiscated. "[T]his 'informal give-and-take' between student and disciplinarian may add little to the fact-finding process when the disciplinarian personally witnesses the student's conduct, but it allows the student an opportunity to state his case as he sees it." *Keough v. Tate Cty. Bd. of Educ.*, 748 F.2d 1077, 1080 (5th Cir. 1984) (citing *Goss,* 419 U.S. at 581-582).

Additionally, Plaintiffs exchanged text messages with school officials regarding their son's possession of the electronic cigarette at the football game,

Amend. Comp. [18-3] at 2-3, and they admit that they had an "IEP" (presumably, Plaintiffs are referring to an individualized education program meeting) with school officials after the electronic cigarette was confiscated, *id.* at 1. These additional opportunities for explanation would more than satisfy the requirement of an informal discussion where the student is "told what he is accused of doing and what the basis of the accusation is." *Goss,* 419 U.S. at 582; *see Sweet v. Childs*, 518 F.2d 320, 321 (5th Cir. 1975) (holding that post-suspension student-parent conferences satisfied the requirement that students be allowed to "air their views as to the events leading up to the suspensions"). For these reasons, Plaintiffs' son's property interest in an education and any property interest in the electronic cigarette were not deprived without due process, and Plaintiffs' due process claims should be dismissed.

2.   <u>Plaintiffs' Eighth Amendment claim</u>

Plaintiffs assert that Defendants "imposed excessive penalties" and "excessive fines" by imposing both in-school suspension and by confiscating their son's electronic cigarette. Amend. Compl. [18] at 1. In support, Plaintiffs cite Mississippi Code § 97-32-9, which provides that

> No person under twenty-one (21) years of age shall purchase any tobacco or alternative nicotine product. No student of any high school, junior high school or elementary school shall possess tobacco or alternative nicotine on any educational property as defined in Section 97-37-17.

7

*Id.* at 4.³ Plaintiffs contend that the electronic cigarette did not contain nicotine, only flavored water, and as such it did not fall within the ambit of the statute. *Id.* at 2.

However, the statute also forbids the possession of "alternative nicotine products" on school property. Miss. Code Ann. § 97-32-9. While Plaintiffs maintain that the legislature has not defined this term, Resp. [23] at 4, it has defined "alternative nicotine products" in Mississippi Code § 97-32-51, which explicitly lists electronic cigarettes as a type of alternative nicotine product, *see* Miss. Code Ann. § 97-32-51(1)(a)(i)(1).

Plaintiffs further maintain that Mississippi Code § 97-32-9 does not apply to the device found in their son's possession, because "it is by definition a vape. Why the legislature left it out of the law when it was created is a mystery but we cannot include something that existed at the time that was not included at the time." Resp. [23] at 4. Plaintiffs' argument seems to be that a "vape" is not an electronic cigarette; however, the term "vape" is simply a colloquial term for an electronic cigarette,⁴ and electronic cigarettes fall explicitly within the scope of the law. Miss. Code Ann. § 97-32-51(1)(a)(i)(1).

Electronic cigarettes are defined as "an electronic product or device that produces a vapor that delivers nicotine or *other substances* to the person inhaling

---

³ Plaintiffs quote an outdated version of this statute, which contained a lower minimum age of eighteen years and did not include the prohibition on alternative nicotine products. The new version of the statute became effective July 1, 2021, before this incident occurred.
⁴ *See* Centers for Disease Control. *Electronic Cigarettes.*
https://www.cdc.gov/tobacco/basic_information/e-cigarettes/ ("E-cigarettes are sometimes called 'e-cigs,' 'vapes' . . .").

from the device to simulate smoking, and is likely to be offered to, or purchased by, consumers as an electronic cigarette, electronic cigar, electronic cigarillo or electronic pipe." Miss. Code Ann. § 97-32-51 (emphasis added).

The statute lists "nicotine" and "other substances" separately, meaning that electronic cigarettes do not have to contain nicotine to be considered electronic cigarettes. Miss. Code Ann. § 97-32-51(1)(b)(i). Furthermore, flavored water is one type of "other substance," which while not containing nicotine, still poses a known danger to minors.[5] Because the definition is not limited to only devices containing nicotine, Plaintiffs' son's possession of the electronic cigarette on school property was still forbidden by the section of the Mississippi Code to which Plaintiffs cite. Resp. [23] at 4 (citing Miss. Code Ann. § 97-32-51). Because Plaintiffs' child cannot have a legitimate property interest in something he cannot legally possess, *see Cooper v. City of Greenwood,* 904 F.2d 302, 305 (5th Cir. 1990), it cannot be said that confiscation of the item constituted an excessive fine or penalty, and Plaintiffs' Eighth Amendment claim should be dismissed.

3.  Plaintiffs' Fourth Amendment claims

Plaintiffs contend that Defendants unlawfully searched their son in violation of the Fourth Amendment. Amend. Comp. [18] at 1. However, they do not make any specific arguments detailing the search or what made the search unlawful. *See* Amend. Compl. [18]; Resp. [23]. The Fourth Amendment rights of students are

---

[5] *See* Thivanka Muthumalage, et al., *Inflammatory and Oxidative Responses Induced by Exposure to Commonly Used e-Cigarette Flavoring Chemicals and Flavored e-Liquids without Nicotine.* Front. Physiol., 11 Jan. 2018. https://www.frontiersin.org/articles/10.3389/fphys.2017.01130/full

protected on school property. *Safford Unified Sch. Dist. No. 1 v. Redding*, 557 U.S. 364, 370 (2009); *Littell v. Houston Indep. Sch. Dist.,* 894 F.3d 616, 623 (5th Cir. 2018); *Campbell v. McAlister,* 162 F.3d 94, 97 (5th Cir. 1998). Courts have held that a school search "will be permissible in its scope when the measures adopted are reasonably related to the objectives of the search and not excessively intrusive in light of the student's age and sex and the nature of the infraction." *New Jersey v. T.L.O.,* 469 U.S. 325, 326 (1985).

Here, the "search" in question was not unreasonable. Plaintiffs admit that their son was smoking the electronic cigarette, in plain view of anyone who happened to be present. Ex. [18-2]. "For the plain view doctrine to apply two criteria must be met: the initial intrusion must be lawful and the incriminatory nature of the evidence must be immediately apparent." *Bundick v. Bay City Indep. Sch. Dist.*, 140 F. Supp. 2d 735, 738 (S.D. Tex. 2001) (citing *Horton v. California,* 496 U.S. 128, 136 (1990)). Where a student possesses contraband in public view, and the incriminatory nature of the object is immediately apparent, plain view seizures are permissible and do not violate a student's privacy rights. *See id.* (plain view seizure of a student's weapon was appropriate when school had probable cause to search student for drug contraband). Plaintiffs' Fourth Amendment claim is subject to dismissal.

### III. CONCLUSION

To the extent the Court has not specifically addressed any of the parties' arguments, it has considered them and determined that they would not alter the

10

result. Defendants' Motion [21] to Dismiss, which the Court has treated as one for summary judgment, should be granted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendants Kim Alford, Sam Smith, Alan Lumpkin, and PRC School District's Motion [21] to Dismiss is **GRANTED**, and Plaintiffs Alice Button and Steve Strausbaugh's claims against Defendants are **DISMISSED WITH PREJUDICE**. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 11th day of April, 2022.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE